UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY A. DYER,

                    Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C25-5532-SKV

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1969, has a high school education, and has no past relevant work. *See* AR 1196. On January 6, 2015, Plaintiff applied for benefits, alleging disability as of January 1, 2015. AR 797. The application was denied initially and on reconsideration, she appeared at a hearing, AR 34-67, and an ALJ issued a decision finding her not disabled, AR 17-33. This Court affirmed the ALJ's decision, AR 718-27, but, following an unopposed motion to vacate and

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

remand filed by the Commissioner, the Ninth Circuit remanded Plaintiff's claim for a new hearing, *see* AR 714-17. Plaintiff also filed additional SSI applications on May 28, 2019, and February 8, 2021. *See* AR 700, 729. While the 2019 claim was consolidated with the 2015 claim, the State agency found Plaintiff disabled pursuant to the 2021 claim and as of February 8, 2021. *See* AR 625, 1179.

On remand, Plaintiff appeared for a hearing before an ALJ. AR 648-69. In a decision dated April 15, 2022, the ALJ found Plaintiff not disabled between the January 6, 2015, application date and February 7, 2021, the day before Plaintiff's condition was found to have worsened to the point of disability. AR 624-40. *See also* AR 638, 1182 (discussing 2021 evidence related to osteoarthritis of the knees). Plaintiff appealed that decision to this Court and, by Order dated April 14, 2023, the Court reversed and remanded for further administrative proceedings. AR 1251-70.

On January 28, 2025, Plaintiff appeared for a hearing before an ALJ. AR 1207-20. In a decision dated February 14, 2025, the ALJ again found Plaintiff not disabled from January 2015 through February 7, 2021. AR 1178-98.[1]

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity during the relevant time period.

**Step two**: Plaintiff has the following severe impairments: diabetes mellitus, ankle degenerative joint disease, pes planus, obesity, radiculopathy, facet osteoarthritis, headaches, anxiety disorder, posttraumatic stress disorder (PTSD), and major depressive disorder.

---

[1] As Plaintiff observes, the ALJ's decision contains a typographical error in stating Plaintiff has not been under a disability since June 27, 2016. *See* AR 1181, 1198. As stated elsewhere in the decision, the relevant period runs from the application date of January 6, 2015. *See* AR 179.

[2] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity** (RFC):  Plaintiff can perform light work that allows her to change between sitting and standing after thirty minutes and does not require more than occasional pushing, pulling, or reaching overhead, any crawling, climbing ladders, ropes, or scaffolds, more than occasional balancing, stooping, kneeling, crouching, or climbing ramps or stairs, any concentrated exposure to hazards or exposure to pulmonary irritants, or any driving a motor vehicle; and can perform work that consists of simple tasks that follow a routine, that is, the same tasks over and over, and does not require interaction with the general public or more than occasional, superficial interaction (such as "good morning" or "here is the item") with co-workers and supervisors, although can still receive instruction.

**Step four**:  Plaintiff has no past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 1178-98.

Plaintiff appealed this final decision of the Commissioner to this Court.  Dkt. 1.  The parties consented to proceed before the undersigned Magistrate Judge.  Dkt. 5.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case."  *Id*.

---

[3] 20 C.F.R. Part 404, Subpart P., App. 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld.  *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred in evaluating medical opinions and evidence, her testimony, and lay testimony.[4]  She seeks remand for an award of benefits or, in the alternative, further administrative proceedings.  The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.[5]

**A.    The ALJ Did Not Err in Evaluating Medical Opinions and Evidence**

Because Plaintiff's application predates March 2017, the prior regulations for evaluating medical opinion evidence apply.  *See* 20 C.F.R. §§ 404.1527, 416.927.  Where, as here, the record contains conflicting opinions, the ALJ must provide "specific and legitimate" reasons

---

[4] Plaintiff's derivative allegations that these errors led to errors in the RFC assessment and step five finding need not be separately addressed.

[5] Contrary to Plaintiff's suggestion, *see* Dkt. 21 at 2 n.1, the Commissioner's brief complies with the Court's Scheduling Order.  *See* Dkt. 12 at 1 (word count limit); Dkt. 20 at 22 (word count).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

supported by substantial evidence for rejecting the opinions of treating and examining physicians. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

Plaintiff asserts error in the ALJ's evaluation of five medical opinions. The Court first notes that, in relation to several of these opinions, Plaintiff asserts that a "verbatim" or "nearly verbatim" repetition of the analysis from the two prior ALJ decisions shows that the ALJ erred in failing to provide a true de novo hearing on remand. *See, e.g.*, Dkt. 16 at 4, 7; Dkt. 21 at 5. The Court previously rejected this argument. *See* AR 1254-57 (April 2023 Order finding the similar and at times identical evaluation of medical opinions and evidence in 2022 and 2018 ALJ decisions did not undermine the de novo nature of the 2022 proceeding where, *inter alia*, Plaintiff was afforded a new hearing, the ALJ considered new medical evidence, opinions, and impairments, and there was significant overlap in evidence and opinions). Plaintiff again fails to show the denial of a de novo hearing. Instead, review of the ALJ's decision shows that he, as directed, reconsidered the medical opinions and the medical record as a whole. *See generally* AR 1187-96. *See also* AR 1262 (April 2023 Order finding ALJ erred in failing to consider the opinion of Dr. Peter Weiss and should therefore reevaluate all medical opinions addressing mental impairments); AR 1194 (reevaluating medical opinions as directed and finding "the same weight as previously assessed remains appropriate.").

Plaintiff also provides a lengthy description of medical evidence which she contends contradicts the ALJ's reasons for rejecting the medical opinion evidence and demonstrates harmful error. *See* Dkt. 16 at 9-11. However, neither the bare assertion of an issue, nor summaries of evidence unaccompanied by analysis or legal arguments suffice to demonstrate harmful error. *See Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim,

particularly when a host of other issues are presented for review.”); *see also Putz v. Kijakazi*, No. 21-35733, 2022 WL 6943095, at *2 (9th Cir. Oct. 12, 2022) (finding that plaintiff, who was represented by the same counsel as in this case, waived any points offered either through bare assertions of error or through lists of “numerous clinical findings, unaccompanied by argument, intended to corroborate testimony the ALJ discounted”); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity).  Also, the Court may not “reweigh the evidence or substitute [its] judgment for that of the ALJ.” *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021).  As the Commissioner observes, this Court has repeatedly warned Plaintiff's counsel that “lengthy summaries of the medical evidence unrelated to any meaningful argument are not helpful[.]” *Burke v. Comm'r of Soc. Sec.*, C20-5863-DWC, 2022 WL 92946, at *2 (W.D. Wash. Jan. 10, 2022).  The Court here finds that counsel's recitation of evidence accompanied by no more than conclusory assertions does not demonstrate error.

Having disposed of these broader arguments, the Court proceeds to consider the specific challenges raised in relation to medical opinions.

1.    *Kimberly Wheeler, Ph.D.*

Dr. Wheeler conducted a psychological/psychiatric evaluation of Plaintiff on April 3, 2014.  AR 325-29.  She assessed, along with various mild and moderate limitations, marked limitations in the ability to adapt to changes, ask simple questions or request assistance, communicate and perform effectively, and complete a normal work day and week without interruptions from psychologically based symptoms.  AR 327.  She assessed the duration of impairment as nine months.  AR 328.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

The ALJ gave little weight to Dr. Wheeler's opinion.  AR 1195.  He noted the opinion was given prior to the date of onset and found it did not address Plaintiff's condition during the relevant time period.  *Id.* (citing AR 725).  He found the marked limitations not well supported by Dr. Wheeler's exam, "which mentions wary attitude at times, confusion when emotionally upset, depressed mood, and blunted affect when dysphoric," but otherwise noted "clean dress, good hygiene, normal speech rate and rhythm despite soft diction and at times difficulty expressing herself, and normal thought process, orientation, perception, memory, fund of knowledge, concentration, abstract thought, insight, and judgment."  *Id.* (citing AR 325-29).  He found that, to the extent it related to the relevant period, the mild-to-moderate limitations were generally supported by records showing largely unremarkable mental status examinations (MSE) despite only limited and inconsistent treatment, but that the marked limitations were inconsistent with counseling records showing only few complaints, little treatment, and more independent activities of daily living than alleged.  *Id.*  He also found the opinion inconsistent with Plaintiff's demonstrated functioning, including her ability to handle personal care for her husband and pet dog, and often normal MSE observations of alert and oriented presentation, friendly and cooperative behavior, appropriate grooming and hygiene, normal mood and affect, appropriate eye contact, and fully understandable speech.  *Id.* (citing AR 257-68, 388, 394, 404, 408-10, 434-39, 459, 490, 538, 553-54, 955, 963-39, 990, and hearing testimony).

Plaintiff argues that, while Dr. Wheeler offered her opinion nine months prior to the relevant period, "there is no evidence [she] experienced significant, sustained improvement in her functioning since then."  Dkt. 16 at 5.  However, an ALJ may properly discount a medical opinion predating the alleged onset of disability.  *Carmickle*, 533 F.3d at 1165 ("Medical opinions that predate the alleged onset of disability are of limited relevance.").  *See also Rogal v.*

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

*Colvin*, 590 F. App'x. 667, 670 (9th Cir. 2014) (ALJ did not err in failing to discuss a treating opinion that predated the alleged disability onset date because it was not relevant to the determination of disability); *Renee L. v. Comm'r of Soc. Sec.*, C25-1160-SKV, 2026 WL 787626, at *3 (W.D. Wash. Mar. 20, 2026) (ALJ properly discounted an opinion because it was issued nearly a year prior to alleged onset date).  In this case, the ALJ reasonably considered that Dr. Wheeler's opinion was given prior to and did not address the time period at issue in the decision.

Nor does Plaintiff demonstrate error in the ALJ's assessment of the limitations assessed by Dr. Wheeler.  Plaintiff, for example, asserts but fails to show how the ALJ purportedly failed to adequately account for the assessed mild and moderate limitations in functioning.  *See Fiederowicz v. Kijakaz*i, No. 19-35567, 2021 WL 4776995, at *1 (9th Cir. Oct. 13, 2021) ("The ALJ was not required to include every facet of [a physician's] opinion in the [RFC] because the ALJ is 'responsible for translating and incorporating clinical findings into a succinct RFC.'") (quoting *Rounds v. Comm'r, Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015)); *Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ need not provide reason for rejecting physician's opinions where ALJ incorporated opinions into RFC; ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician); *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one).  Her bare assertion does not suffice to demonstrate error.  *See Greenwood*, 28 F.3d at 977.

Plaintiff also, in challenging the rejection of assessed marked limitations, offers a different interpretation of the medical record, her activities, and the weight she believes is properly afforded to the opinion of Dr. Wheeler.  However, the fact the ALJ "*could* have come to a different conclusion" in interpreting the record does not suffice to demonstrate error.  *Shaibi v.*

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

*Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original).  *See also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) ("[W]e leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record."). The ALJ here rationally found inconsistency with Dr. Wheeler's own examination, with the medical record as a whole, and with evidence of Plaintiff's activities and demonstrated functioning.  *See, e.g.*, *Stiffler v. O'Malley*, 102 F.4th 1102, 1108 (9th Cir. 2024) (affirming rejection of an opinion where the claimant's "documented activities suggest a higher range of functioning than those assessed" by the doctor); *Smartt v. Kijakazi*, 53 F.4th 489, 496 (9th Cir. 2022) (affirming discounting of opinion that was inconsistent with treatment record showing normal findings and evidence of improvement); *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (inconsistency with record properly considered).

Plaintiff, finally, takes issue with the ALJ's reference to the evidence of Plaintiff's limited and inconsistent treatment, asserting it is apparent she received little treatment due to her fear of counseling and lack of insight.  However, as discussed below, the ALJ rationally reached a different conclusion.  *See* AR 1190 ("While mental health conditions can interfere with the ability to seek or persist in treatment, that does not appear to be the situation in this case."). Plaintiff, in sum, does not demonstrate error in relation to Dr. Wheeler.

>          2.       *Scott T. Alvord, Psy.D.*

Dr. Alvord conducted a psychological examination of Plaintiff on August 29, 2016.  AR 434-49.  He opined that Plaintiff would not have difficulty performing simple and repetitive tasks, and would have mild-to-moderate difficulty performing detailed and complex tasks, accepting instructions from supervisors, interacting with coworkers and the public, performing work activities on a consistent basis without special or additional instructions/accommodations,

maintaining regular attendance, completing a normal workday or week without interruptions, and dealing with usual workplace stress.  AR 438.

The ALJ gave Dr. Alvord's opinion significant weight.  AR 1194.  He found it notable that Dr. Alvord found no more than moderate limitations, and the opinion supported by Dr. Alvord's own exam, which documented depressed mood, mild tearfulness, and some difficulty with attention/concentration tasks, but otherwise adequate dress and grooming, normal psychomotor activity, intact thought process, normal speech, intact memory, low average intellectual functioning, and adequate abstract thinking, insight, and judgment.  *Id*. (citing AR 434-49).  Also, while providing more specific assessment of functional abilities because the terms "mild" and "moderate" as used by Dr. Alvord were too vague for inclusion in the RFC, the ALJ found Dr. Alvord's opinion otherwise consistent with the medical evidence, which showed some dysphoric moods and concentration limitations, but otherwise generally unremarkable MSEs despite only limited and inconsistent treatment.  AR 1194-95 (citing AR 383-422, 458-85, 486-620, 964-70, 1019-24).

Plaintiff asserts that the ALJ erred in giving significant weight to Dr. Alvord's opinion but failing to include all of the assessed limitations in the RFC or accounting for his findings. However, Plaintiff does not show how the RFC failed to adequately account for the no more than mild-to-moderate limitations assessed by and the findings of Dr. Alvord, *see Fiederowicz*, 2021 WL 4776995, at *1; *Turner*, 613 F.3d at 1223; *Orteza*, 50 F.3d at 750, and her bare and conclusory assertion does not suffice to demonstrate error, *see Greenwood,* 28 F.3d at 977.

> 3.    *Patricia Sylwester, M.D.*

Dr. Sylwester conducted a physical evaluation of Plaintiff on August 28, 2016.  AR 430-33.  She opined that Plaintiff could stand/walk for less than four hours due to radicular pain,

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10

could sit for an unlimited amount of time but may need to change positions, did not need an assistive device, could lift twenty pounds occasionally and ten pounds frequently due to general deconditioning, could not perform postural activities such as climbing, balancing, stooping, kneeling, crouching or crawling due to radicular symptoms and general deconditioning, had no limitation on manipulative activities, could not work around heights or heavy machinery due to radicular symptoms and general deconditioning, could not work around extremes of temperature due to diabetes, and had no restrictions in relation to chemicals, dust, fumes, gases, or excessive noise.  AR 433.

The ALJ gave partial weight to Dr. Sylwester's opinion.  AR 1192.  He found evidence supported the opinion of the ability to perform light exertional work, including ankle imaging showing degenerative changes and her BMI, but the stand/walk limitation unsupported by Dr. Sylwester's own exam and inconsistent with the record as a whole.  *Id*.  The ALJ stated that, while Dr. Sylwester based the stand/walk limitation on radicular pain, the medical evidence contained virtually no objective evidence to support the alleged severity of the pain complaints, and that no specific symptoms were noted due to Plaintiff's diabetes.  *Id*.  Also, while Plaintiff demonstrated unsteady tandem walk and positive left supine straight leg raise on exam, physical examinations, including the exam by Dr. Sylwester, generally were within normal limits, showing independent ambulation with a normal gait, normal strength and range of motion, good heart and lung function, and normal sensation with no focal deficits.  *Id*.  The ALJ, finally, found Plaintiff's activities of daily living to suggest that her functioning was not as limited as Dr. Sylwester opined, noting, for example, her ability to go shopping, prepare her own meals, walk her dog, and handle her own personal care.  *Id*. (citing AR 258-69, 325-82, 409, 429-33, 441-57, 461, 490, 494, 496, 504, 509, 522, 532, 934-63, 967-68, 971-91, 1028).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 11

An ALJ may reject an opinion upon finding it inconsistent with a physician's own findings, *see, e.g.*, *Bayliss*, 427 F.3d at 1216, inconsistent with and/or unsupported by medical evidence of record, *see, e.g.*, *Smartt*, 53 F.4th at 496; *Tommasetti*, 533 F.3d at 1041; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), and inconsistent with a claimant's activities, *see, e.g.*, *Stiffler*, 102 F.4th at 1108. Plaintiff argues that none of the ALJ's reasons are legitimate. She asserts that Dr. Sylwester based her opinion on independent clinical findings, that her findings are consistent with her opinion, and that none of Plaintiff's activities are inconsistent. Plaintiff, in so doing, offers an alternative interpretation of the evidence. The ALJ's interpretation is rational, supported by substantial evidence, and therefore properly upheld.

### 4.    Kathleen Mayers, Ph.D.

Dr. Mayers conducted a psychological evaluation of Plaintiff on August 30, 2019. AR 964-69. She opined that Plaintiff is "probably not fully capable of interacting with others in a work situation, and would function better by herself or with a limited number of co-workers." AR 968-69. She opined that Plaintiff would be able to maintain concentration and attention through an eight-hour work day with reasonable breaks. AR 969 (noting she was able to correctly perform two different three-stage tasks, had average concentration, variable memory skills ranging from fair to poor, average vocabulary and judgment, fair to average fund of knowledge and abstract thinking skills, fair insight, average pace, generally average persistence and concentration, and that mental health counseling "would be of possible benefit").

The ALJ gave Dr. Mayers' opinion significant weight. AR 1195. He found the opinion supported by Dr. Mayers' full psychological examination and consistent with other medical evidence, which showed some dysphoric moods and concentration limitations, but otherwise

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 12

generally unremarkable MSEs despite only limited and inconsistent treatment.  *Id*. (citing AR 383-422, 458-85, 486-620, 964-70, 1019-24).

Plaintiff asserts that the ALJ erred by giving Dr. Mayers' opinion significant weight, but failing to include the assessed social interaction limitations in the RFC.  AR 968-69.  However, "the ALJ is responsible for translating and incorporating clinical findings into a succinct RFC[,]" *Rounds*, 807 F.3d at 1006, and here reasonably accounted for Dr. Mayers' opinion by including RFC limitations to work that does not require interaction with the public or more than occasional, superficial interaction with co-workers and supervisors, but allows for the ability to receive instructions.  *See Turner*, 613 F.3d at 1223 (ALJ incorporated opinions by assessing RFC limitations "entirely consistent" with limitations assessed by physician).  Plaintiff, accordingly, fails to demonstrate error in relation to Dr. Mayers.

### 5. *Peter A. Weiss, Ph.D.*

Dr. Weiss conducted a psychological evaluation of Plaintiff on June 30, 2021.  AR 1018-23.  Dr. Weiss opined that Plaintiff appears to be experiencing significant impairment from PTSD, that she can reason, had adequate or better performance on the cognitive portion of the MSE and "was good or better in many areas[,]" would be able to understand and carry out both simple and complex instructions and tasks, her memory appeared to be at least adequate, her socialization skills appear markedly impaired by her PTSD based on her self-report and behavior in the interview, her concentration and persistence appear moderately impaired by PTSD based on her self-report, behavior in the evaluation, and MSE performance, and her overall level of adaptive impairment due to PTSD appears moderate-to-marked.  AR 1022.  He recommended, in relevant part, that Plaintiff resume outpatient mental health treatment, stating both psychotherapy and pharmacotherapy would be helpful, and that her prognosis appeared guarded because her

PTSD symptoms appeared chronic and she would probably exhibit some symptoms even with treatment. *Id*.

The ALJ found Dr. Weiss's opinion entitled to no weight. AR 1192-94. He noted that the opinion resulted from an examination that occurred four months after the relevant time period, was phrased in the present tense, and did not purport to opine as to Plaintiff's condition prior to the examination date. *Id*. The ALJ further found that, if considered as reflecting limitation during the relevant time period, the RFC limitations, including no more than simple tasks, no driving, tasks that follow a routine, and the same tasks over and over, addressed the need for Plaintiff to adapt and excluded most interaction. AR 1192-93.

The ALJ also provided a lengthy discussion of Dr. Weiss's assessment of a marked impairment in the area of interaction and moderate-to-marked adaptive impairment. *See* AR 1193. He contrasted the assessment of an interaction impairment based on self-report and behavior in the interview, with the observations that Plaintiff was friendly and cooperative, answered all questions willingly, did not display behavioral abnormalities, irritability, or other interactive issues, demonstrated organized, goal-directed speech, with appropriate rate and tone, no abnormalities of mental activity stream, and thought content that was not abnormal or unusual. AR 1193. The ALJ stated that, throughout the MSE, difficulties in interacting were not apparent and anxiety did not appear to markedly limit her ability to interact, and found the assessed marked difficulties not demonstrated in the examination findings. *Id*. The ALJ found the opinion of an "overall level of adaptive impairment", AR 1022, to address overall functioning, which was beyond work-related functioning and the RFC finding, that Dr. Weiss overstated limitations by broadening the analysis in this manner, and did not provide any particular basis for this degree of limitation. *Id*. He also found the opinion not supported by or

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 14

consistent with Dr. Weiss's own examination findings, which, while not perfect, did not demonstrate marked or moderate difficulties, and included very good, adequate, and fair capabilities, the ability to make corrections, and in some instances no evidence of difficulty. *Id*. He noted Dr. Weiss's observation that Plaintiff drove and came to the examination alone, stated driving is a task requiring constant adaptation, under the stress of divided attention, memory, direction, and concentration tasks, and found such evidence did not support the opinion of a moderate-to-marked adaptive impairment. *Id*.

The ALJ, finally, found Dr. Weiss's opinion inconsistent with other evidence showing Plaintiff's capabilities in interacting, adapting, and managing herself beyond the limitations opined by Dr. Weiss, and that medication and treatment lessened the degree of limitation evidenced. AR 1194. For example, Plaintiff reported no symptoms of anxiety or depression and was noted to be alert and cooperative in June 2020, November 2020, and February 2021, and GAD-7 and PHQ9 reports in 2020 and 2021 mentioned no anxiety or depression symptoms. *Id*. (citing AR 992, 1004, 1006, 1058). The ALJ concluded that, overall, Dr. Weiss's opinion was inconsistent with the record during the relevant period, and observed that both Dr. Alvord and Dr. Mayers found lesser limitations in the ability to interact and adapt. *Id*. (citing AR 964-70, 1019-24).

Plaintiff asserts that none of the ALJ's reasons are convincing or even legitimate, and that the ALJ's analysis is an apparent attempt to act as his own medical expert. She asserts that the ALJ had no valid basis for finding Dr. Weiss's opinion inconsistent with his normal findings when it was consistent with his abnormal findings. She asserts that the ALJ could not properly reject Dr. Weiss's opinion as to an overall rather than a work-related level of adaptive impairment given that the latter is a subset of the former. She, finally, states that none of the

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 15

findings discussed by the ALJ are actually inconsistent with Dr. Weiss's opinion, and that Dr. Weiss's opinion is not meaningfully inconsistent with other evidence cited by the ALJ.

Plaintiff raises conclusory assertions of error in relation to some of the reasons offered by the ALJ for assigning no weight to Dr. Weiss's opinion and suggests an alternative interpretation of the evidence from this physician and other evidence in the record. The Court finds that the ALJ provided specific and legitimate reasons in relation to the interaction and adaptive limitations by identifying inconsistencies with Dr. Weiss's own findings and with other medical evidence, and reasonably distinguished the opinion as to "overall" versus work-related limitation. AR 1193. Because the ALJ's interpretation is rational and supported by substantial evidence, his decision is properly upheld.[6]

**B.      The ALJ Did Not Err in Evaluating Plaintiff's Testimony**

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). In this case, the ALJ discounted Plaintiff's testimony based on, at the least, inconsistency with and an absence of support in the medical evidence of record, evidence of minimal, inconsistent, non-compliant, conservative, and effective treatment, inconsistency between her allegations and symptom reporting, and evidence of improvement.

Plaintiff asserts that the ALJ's failure to properly evaluate the medical opinion and other medical evidence tainted her evaluation of the symptom testimony. As discussed above, the Court finds no such error.

---

[6] Plaintiff rejects but does not offer any specific argument in relation to the ALJ's finding that Dr. Weiss's opinion is dated after and does not relate back to the relevant time period. *See* Dkt. 16 at 8-9; Dkt. 21 at 5-6. The Court therefore declines to further address this reasoning beyond noting that any error would, in any event, be harmless given the specific and legitimate reasons discussed above.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 16

Plaintiff also asserts that the ALJ improperly relied on an absence of objective medical support, and did not reasonably characterize her mental status findings as mild.  *See* AR 1191. However, the ALJ properly considered both inconsistency with and an absence of support in the medical record as two of a number of different clear and convincing reasons for discounting Plaintiff's testimony.  *See, e.g., Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.  We have upheld ALJ decisions that do just that in many cases."); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").  Nor does Plaintiff undermine the ALJ's rational interpretation of the mental status findings.

Plaintiff challenges the ALJ's assertion that her lack of consistent treatment was inconsistent with the alleged degree of limitations and difficulties, *see* AR 1191, asserting it is consistent with her limited insight into her mental illness and her longstanding fear of discussing her mental illness with therapists.  She notes that, while an ALJ may rely on an unexplained or inadequately explained failure to seek or follow prescribed treatment to reject symptom testimony, *see, e.g., Molina*, 674 F.3d at 1113-14, the ALJ must consider a claimant's proffered reasons.  She also notes that "'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'"  *Garrison v. Colvin*, 759 F.3d 995, 1018 n.24 (9th Cir. 2014) (quoting *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996)).

In this case, the ALJ acknowledged "mental health conditions can interfere with the ability to seek or persist in treatment," but found that did not "appear to have been the situation" and that the record instead indicated Plaintiff "sought treatment when her conditions were bothersome." AR 1190. Plaintiff, at best, challenges this finding by offering an alternative interpretation of the evidence. The ALJ's interpretation is rational, supported by substantial evidence, and properly upheld. *See, e.g.*, AR 1187 (noting Plaintiff's testimony she stopped going to counseling because she felt her counselor did not listen to her); AR 1190 (noting inconsistent compliance with treatment, "as she frequently missed appointments without making up the missed sessions[]" and eventual discharge due to lack of participation and contact) (citing AR 86, 289, 391, 393, 395, 475-76). Moreover, the ALJ also properly discounted Plaintiff's testimony based on evidence of treatment that was both conservative and effective, and evidence her mental health had improved. *See* AR 1188-90; *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("evidence of medical treatment successfully relieving symptoms can undermine a claim of disability."); *Tommasetti,* 533 F.3d at 1039-40 (favorable response to conservative treatment properly considered); *Morgan v. Comm'r of SSA*, 169 F.3d 595, 599-600 (9th Cir. 1999) (evidence of symptom improvement properly considered).

Plaintiff takes issue with the ALJ's statement that "due to dysphoric moods and her tendency to isolate herself, the claimant'[s] interpersonal interactions also have been limited." AR 1191. She states that the RFC does not fully account for these symptoms and limitations, but her assertion as to the insufficiency of the RFC social interaction limitations is wholly conclusory and insufficient to demonstrate error. Nor does she demonstrate error through her summary of her testimony at hearing and conclusory assertion as to its improper rejection.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 18

Plaintiff, finally, deems the Commissioner's contention that the ALJ rejected her testimony upon finding it inconsistent with her activities an improper post hoc rationalization. *See* Dkt. 20 (citing AR 1187). However, even assuming the ALJ did not discount Plaintiff's testimony on this basis, the clear and convincing reasons discussed above, as well as the ALJ's consideration of inconsistency between Plaintiff's testimony and the evidence of her symptom reporting, provide substantial evidence support for the ALJ's conclusion. *See, e.g., Tommasetti*, 533 F.3d at 1039 (ALJ may consider prior inconsistent statements about symptoms); *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider claimant's inconsistent or non-existent reporting of symptoms). Plaintiff therefore does not demonstrate error in the ALJ's evaluation of her testimony.

## C.    The ALJ Did Not Err in Evaluating Lay Testimony

Plaintiff asserts error in the ALJ's evaluation of lay statements from her husband and sister-in-law, and observations by an "SSA field office interviewer." *See* AR 1187, 1196 (citations omitted). She asserts that the ALJ's analysis lacks the support of substantial evidence or germane reasons to reject all of the lay observations.

The ALJ can reject the testimony of lay witnesses only upon giving reasons germane to each witness. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir. 1996). *But see Molina*, 674 F.3d at 1115-22 (failure to address lay testimony may be harmless where it "does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony"). The ALJ here provided germane reasons for assigning partial weight to the lay statements from Plaintiff's husband and sister-in-law upon finding them somewhat inconsistent with the medical evidence and with Plaintiff's demonstrated activity functioning. *See* AR 1187 (citations to record

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 19

omitted); *Carmickle*, 533 F.3d at 1164; *Bayliss*, 427 F.3d at 1218. The ALJ likewise properly considered the SSA interviewer's observations, finding them "somewhat consistent" with the evidence, but identifying inconsistency between some observations and psychological testing, some reported difficulties adequately accounted for in the RFC, and other observations of no difficulties inconsistent with the degree of limitation Plaintiff alleges. AR 1196. Plaintiff's arguments with regard to this reasoning are no more than conclusory and insufficient to demonstrate error.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 4th day of May, 2026.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 20